D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    NOT FOR PRINT OR
                                                                ELECTRONIC
                                                                PUBLICATION
ALONZO SCOTT,

                     Plaintiff,
  -against-                                                  MEMORANDUM
                                                                AND ORDER
The Governor of New York, DAVID
PATERSON; Commissioner of Correctional                          10-CV-2267 (ARR)
Services, BRIAN FISCHER; The FBI,
J. EDGAR HOOVER; Supreme Court of the
State of New York, Staten Island NY;
96.3 Radio Station Personnel, "LUGNUTS" and
"SCOTT PANK,"

                     Defendants.
-----------------------------------------------------------X
Ross, United States District Judge:

      On May 13, 2010, plaintiff Alonzo Scott, currently incarcerated at Great Meadow Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed as set forth below.

### Standard of Review

      In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a government entity or its agents and dismiss the complaint or any portion of the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a), (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Similarly, pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## Discussion

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). After construing plaintiff's pleadings liberally and interpreting them as raising the strongest arguments they suggest, Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006), the court finds that plaintiff's allegations "rise to the level of the irrational" and there is no legal theory on which plaintiff may rely.

Plaintiff alleges a wide-ranging plot by defendants and others to kill him. Compl., Ex. 1-3. In addition, plaintiff alleges that he is subject to harassment by a "type of modern technology which has the ability to read [his] thoughts" and "monitor his daily activities through [his] eyes." Compl., Ex. at 1-2. Furthermore, "the[] invisible sores on [his] back are where the evil demons are entering, . . . these evil demons are constantly blowing on me, as well as poking around my stomach." Compl., Ex. at 3. Plaintiff also seeks relief for "medical neglect" he experienced while incarcerated at Great Meadow Correctional Facility.[1] Compl. at 4.

---

[1] Venue is not proper in this court over allegations of "medical neglect" arising from plaintiff's confinement at Great Meadow Correctional Facility, located in Washington County. Proper venue is the United States District Court for the Northern District of New York.

2

Even accepting as true the allegations contained in the complaint, plaintiff's claims are factually frivolous and are dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B)(i). See Denton, 504 U.S. at 33.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: May 26, 2010
       Brooklyn, New York